Glenn R. Meyers, Esq.
The Meyers Law Firm
30 Vesey St., 4th Floor
New York, NY 10007
212.252.1212
themeyerslawfirm@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MIKE SCOTT a/k/a MIKE SHERIF SCOTT,

                       Plaintiff,            Civil Case No.:

v.

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, OFFICER         **COMPLAINT WITH**
JAMES BURPEO and OFFICER "JOHN DOE"  **DEMAND FOR JURY TRIAL**
SANTIAGO,

                   Defendants.
--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. On March 22, 2015, at approximately 2:30-2:40 a.m., the plaintiff MIKE SCOTT was legally and lawfully present at or near 143rd Street and Lenox Avenue in the Borough of Manhattan, County, City and State of New York while a passenger in a motor vehicle.

2. After a questionable stop by the police at that time, on that March 22, 2015, Saturday Night/Sunday morning, the plaintiff Mike Scott, although cooperative and doing nothing that would put any fear into the minds of the officers, was arrested after a warrantless search of the vehicle found a gun. Such search was illegal and without cause.

3. Proper Motions made in court to suppress the gun evidence were fruitless. The plaintiff MIKE SCOTT was forced to plead guilty to the charges and was sentenced to 4 ½ years in federal prison. The plaintiff MIKE SCOTT served his sentence.

4. On May 23 2023, the Supreme Court Appellate Division, First Judicial Department of New York overturned the conviction stating "… *Inasmuch as defendant was not under arrest, the search cannot be justified as a search incident to a lawful arrest*…"

5. The officers testified that they saw some movement in the vehicle before they approached, which was later found to be the planitff MIKE SCOTT eating from his lap area.

6. As stated above, the vehicle was stopped for no apparent reason by defendant Officers BURPEO and SANTIAGO.

*7.* The officers testified that they saw the same vehicle the Friday night before at a 'deli' where the occupants, four people of African American decent had purchased snacks etc. Officer Burpeo further stated that they observed the vehicle at that time, "… *kind of speed off…"*

8. The officers testified that the vehicle '…*rolled…*' into a spot with a fire hydrant that gave them probable cause to stop the vehicle and that they observed movement by the plaintiff, which we later found out was him eating chicken on his lap.

9. The Officers' testimony was scattered and contradictory.

10. The officers racially profiled the occupants of the vehicle, used racially charged words in their testimony, assumed criminality and violated the civil and other rights of the occupants of the vehicle including but not limited to the plaintiff MIKE SCOTT.

11. MIKE SCOTT was forced to plead guilty to the gun charges as his plea to have the search and evidence suppressed was denied at his hearing.  He was extradited to West Virginia where he was sentenced to 77 months when his history came back to haunt him although he had already served his prior sentences and as we now know was not doing anything that would require arrest.

12. At the time of the arrest in Manhattan, the plaintiff MIKE SCOTT's behavior gave no reason for the Officers to fear him or for their lives. The illegal search happened while the plaintiff MIKE SCOTT and the other occupant(s) of the vehicle were calmly standing outsode the vehicle (as they were ordered to do so) not arrested, and not in handcuffs.

13. On November 30, 2017, the defendant/plaintiff MIKE SCOTT was convicted after a plea of guilty of criminal possession of a weapon in the second degree and sentenced to a term of four years. On May 23, 2023, the Appellate Division, First Department, suppressed the evidence and overturned his conviction.

14. Mike Scott was, of course, upset and distraught at the sentencing because he knew this was unjust.

15. To simplify the matter, MIKE SCOTT spent 77 months in prison for eating a piece of Popeye's fried chicken.

## **PARTIES**

16. MIKE SCOTT aka MIKE SHERRIFF SCOTT is a man of African American ancestry who at relevant times is from the New York City area with strong family ties to the area and has lived in other states over the years including West Virginia and others.

17. Defendant City of New York is a municipal entity created and organized under the laws of the State of New York. The City is authorized by law to maintain the NYPD. The City's responsibility extends all NYPD matters including the NYPD's policies, practices, and the conduct of all NYPD personnel including policymakers and employees.

18. The NYPD is a municipal entity within the government of the Defendant City of New York, tasked with being the primary police force for the City of New York, and the employers of the arresting officers in this matter, Officers Burpeo and Santiago.

19. Defendant Police Officer Burpeo, a plain-clothes anti-crime police officers assigned to the 32nd Precinct in the Borough of Manhattan, City, County and State of New York.

20. Defendant Police Officer Santiago, a plain-clothes anti-crime police officers assigned to the 32nd Precinct in the Borough of Manhattan, City, County and State of New York.

## JURISDICTION AND VENUE

21. This action is brought pursuant to 42 US § 1983 and he First, Fourth and Fourteenth Amendments the Constitution of the United States and New York Constitution. Jurisdiction is conferred upon tis Court under 28 USC §§ 1331 and 1343(a)(3) as this is a civil action arising under the Constitution and laws of the United States. This Court has supplemental jurisdiction over related state claims under 28 USC § 1367(a).

22. Venue is proper pursuant to 28 USC § 1391(a), (b), and (c) because the illegal stop. Search and seizure etc. took place int eh Southern District of New York.

## STATEMENT OF FACTS

23. This statement takes much of its facts from the First Department Appellate Division decision rendered on May 23, 2023, reversing the non-suppression of illegally collected evidence used against the defendant MIKE SCOTT at his trial. Other facts were taken from transcripts etc. of testimony from the arresting officer(s) etc.

24. On March 22, 2015, the plaintiff MIKE SCOTT legally and lawfully present at approximately 2:30-2:40 am in the front seat of a motor vehicle, a gray Ford Fusion with West Virginia license plate.  The vehicle was parked at or near 143rd Street and Lenox Avenue in the Borough of Manhattan, City, County and State of New York.

25. The vehicle had tinted windows. Officers Burpeo and Santiago, two plain clothes anti-crime police officers observed this vehicle in the area and began to follow it, although the vehicle was not doing anything that would warrant being 'followed", short of the vehicle being one they may have recognized from another time.'

26.  Officer Burpeo testified that the night before (a Friday evening) after seeing occupants of the vehicle stop at a deli that they '*kind of speed off*'.

27. There was no written documentation from Officer Burpeo regarding this vehicle from the night before the arrests.

28. While being followed the officers testified that they observed the vehicle making a right turn without signaling and park in front of a fire hydrant.

29. Officer Burpeo testified that the vehicle '*rolled*' into the fire hydrant area.

30. At that point they activated the lights and sirens and initiated a car stop. The officers testified that they saw the suspension of the vehicle move, indicating changes in its "*weight distribution*". Later it was learned that the defendant MIKE SCOTT had chicken on his lap which accounts for any movement that they may have or did not see.

31. Officer Burpeo approached the passenger side where the plaintiff MIKE SCOTT was sitting. He knocked on the plaintiff's window and asked him to roll it down.  The plaintiff MIKE SCOTT said something to the driver and appeared to not want to be 'bothered' by the officers.

32. Perhaps the plaintiff MIKE SCOTT did not want to be bothered because he was not doing anything that would have necessitated a stop by law enforcement.

33. After a few minutes or moments, the driver stepped out of the vehicle as instructed, the plaintiff MIKE SCOTT unrolled his window at which time he was observed with food that was resting on his lap.

34. The officers testified that they never saw the plaintiff MIKE SCOTT or driver turn to the back seat of the vehicle.

35. The plaintiff MIKE SCOTT was cooperative and stepped out of the vehicle where he was frisked.  The plaintiff MIKE SCOTT and the driver were ordered to stand behind the vehicle. Conversation was made and the plaintiff MIKE SCOTT and driver "…*seemed a lot more relaxed...*"

36. Defendant Officer SANTIAGO searched the vehicle, checking under the front passenger seat, the driver's side, the rear seat.  In the back seat he noticed an open purse that seemed a bit heavy. After shining his flashlight, he saw the butt of a gun protruding from the top.

37. In an oral decision, at he Suppression Hearing, the trial court denied the plaintiff MIKE SCOTT's Motion to Suppress the evidence found at the stop in its entirety.

38. On November 30, 2017, the defendant/plaintiff MIKE SCOTT was convicted after a plea of guilty of criminal possession of a weapon in the second degree and sentenced to a term of four years.

39. The First Department Appellate Division unanimously reversed that decision, on the law, the motion to suppress granted and the indictment against MIKE SCOTT was dismissed.

40. Unfortunately for Mr. SCOTT the decision came 6 years after he was convicted and having already served his sentence.

41. The court opined that although the actual *stop* was permissible after observing traffic violations regardless of their subjective motivations.

42. However, the court found the *warrantless sweep* of the car including the seizure of the purse found on the back seat of the vehicle did not fall within any exception to the warrant requirement and was therefore *unconstitutional*.

43. The court gives an exhaustive laundry list of reasons why the police may search a car including but not limited to: reaching under the seat of the vehicle, reaching for something that might be a weapon, if the totality of the information available supports a reasonable conclusion that there was a substantial likelihood of a weapon within the vehicle that poses an actual and specific threat to the officer's safety, etc.

44. The Appellate Court further stated '…*no such actual and specific danger was shown to exist in this case*...'' The officers did not testify to seeing a bulge of a weapon, to seeing MIKE SCOTT reach for his waistband, or any other act of concealment behind the car moving which in this case could be explained by MIKE SCOTT eating food on his lap.

45. MIKE SCOTT only hesitated for a moment before complying peacefully with the officers. MIKE SCOTT was not handcuffed or held, which would indicate that the officers felt no danger. MIKE SCOTT was relaxed, made eye contact and '*did not appear suspicious*.'

46. At the time of the Hearing, the defendant MIKE SCOTT Motioned the court to suppress the evidence based upon a) The police did not have a legitimate basis for stopping the vehicle considering the conflicting testimony of the police officers, and b) the police did not have any basis for searing the vehicle after the police safely moved MIKE SCOTT and the driver away form the vehicle. There was no reason to believe that there was a weapon in the vehicle.

47. The Appeal reasons that the Fourth Amendment is a safeguard 'against unreasonable searches and seizures' US Const. amend IV. A traffic stop constitutes a seizure and therefore triggers the Fourth Amendment People v Guthrie, 25 N.Y.3d 130, 133 (2015).

48. The prosecution has the burden at a suppression hearing of going forward to show the legality of police conduct in the first instance. Here the officers' testimony was both self-contradictory and contrary to experience and cannot be credited. The officers told a narrative ridden with inconsistencies that undermine their credibility such that it should not be accepted that probable causes existed to conduct a traffic stop.

49. The warrantless sweep of the vehicle conducted here does not fall within any of the narrow exceptions to the warrant requirement and was therefore unconstitutional. US Const, amend; NY Const. art 1 S 12.

50. It is well settled that 'absent probable cause, it is unlawful for a police officer to invade the interior of a stopped vehicle once the suspects have been removed and patted down without incident.' Because at that point '*any immediate threat to the officers safety has consequently been eliminated.*" People v Mundo, 99 N.Y. 2d 55.

51. Neither Officer Burpeo's or Santiago's account of the interaction with MIKE SCOTT indicated that any suggestive factor presented an actual and specific danger to the anti-crime unit officers that were conducting the stop. But they conducted the illegal, unconstitutional search, nonetheless.

52. This incident led to a cascade of further legal troubles for plaintiff MIKE SCOTT.

53. The plaintiff MIKE SCOTT was forced to plead guilty to the charges. In West Virginia, MIKE SCOTT was sentenced to 77 months in Federal Prison as this and other prior arrests

that he had already served his time for came back to 'haunt' him.  Mike Scott was, of course, upset and distraught at the sentencing because he knew this was unjust.

54. To summarize, the plaintiff MIKE SCOTT was the victim of illegal search and seizure, violation of his Civil and other rights and Constitutional rights.  Perhaps, all because he was eating chicken in a vehicle that a Police Officer *may or may not* have recognized from another time, although the time that they observed this vehicle prior to the arrest, no illegal activity took place.  It was simply a car full of African-American citizens getting snacks on a Friday Night at a NYC 'deli.' The search of the vehicle the next night and arrest was for no legal or just reason.

### CLAIMS

### Count One: Retaliation (First Amendment)
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

55. Plaintiff repeats and realleges paragraphs above and below as if fully set for the herein.

56. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they were commissioned by the City of New York to exercise powers.

57. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

58. Plaintiff engaged in constitutionally protected speech in his own vehicle when stopped by the police in response to the unlawful and warrantless stop, search and seizure, etc.

59. Plaintiff engaged in constitutionally protected speech in his own vehicle when stopped by the police in response to the unlawful and warrantless stop, search and seizure, etc. when they heard him say to the driver not to engage the officers.

60. Plaintiff engaged in constitutionally protected speech in his own vehicle when stopped by the police in response to the unlawful and warrantless stop, search and seizure, etc. when they heard him say to the driver not to engage the officers as they were doing nothing wrong or that would lead to the stop.

61. Plaintiff engaged in constitutionally protected speech in his own vehicle when stopped by the police in response to the unlawful and warrantless stop, search and seizure, etc. when they heard him say to the driver not to engage the officers as they were doing nothing wrong or that would lead to the stop although moments later he fully cooperated and calmly and rationally exited the vehicle.

62. The Individual Defendants: actions were intended to prevent Plaintiff from continuing to engage in such protected speech and to discourage him from engaging in similar protected conduct in the future.

63. The Individual Defendants' actions, in fact, chilled the Plaintiff's speech on the date of the and after the incident, as he suffered further and other adverse effects and concrete harms following the incident.

64. The Individual Defendants' retaliatory conduct was objectively unreasonable and violated Plaintiff's right to free speech under the First and Fourteenth Amendments of the U.S. Constitution.

65. The Individual Defendants acted intentionally, with malice and knowing disregard for Plaintiff's constructional rights, in retaliating against him for protected speech.

66. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional state, federal, and other legal rights and of damages including loss of liberty, bodily injury, pai, suffering, mental distress, anguish, humiliation, loss of

income, and legal expenses etc. Accordingly, the plaintiff is entitled to compensatory damages.

## Count Two: False Arrest (Fourth Amendment)
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

67.  Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

68. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they were commissioned by the City of New York to exercise powers.

69. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

70. The Individual Defendants acted intentionally, with malice and knowing disregard for Plaintiff's constitutional rights, in falsely detaining, arresting and imprisoning him against his will. The plaintiff was conscious of and at no point consented to the confinement by the Individual Defendants.

71.  The actions of the Individual Defendants in falsely detaining, arresting, and imprisoning Plaintiff without warrant, reasonable suspicion or probable cause violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

72. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

**Count Three: Illegal Search (Fourth Amendment)**
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

73. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

74. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the City of New York to exercise police powers.

75. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

76. Without a warrant, probable cause, or legal justification, the Individual Defendants engaged in an unlawful search of Plaintiff's vehicle, including a full sweep of areas not in plain sight.

77. The Individual Defendants acted intentionally, with malice and knowing disregard for Plaintiff's constitutional rights, in conducting an unjustified search of her home.

78. The Individual Defendants' conduct was objectively unreasonable and violated Plaintiff's Fourth Amendment rights under the U.S. Constitution.

79. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

**Count Four: Fabricated Evidence (Fourteenth Amendment)**
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

80. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

81. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the City of New York to exercise police powers.

82. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

83. The Individual Defendants, while acting in an investigating capacity, fabricated evidence of a material nature likely to influence a jury's decision, intentionally provided fabricated evidence to prosecutors, and as a result, Plaintiff suffered a number of injuries set forth herein, including deprivation of her liberty.

84. To add insult to injury, the Individual Defendants while testifying couldn't keep their story straight and offered divergent and inconsistent testimony in court, as pointed out by the Appellate Division First Department.

85. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### Count Five: Malicious Prosecution (Fourth Amendment)
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

86. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

87. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the City of New York to exercise police powers.

88. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

89. The Individual Defendants pressed charges against Plaintiff, while knowing the charges were baseless and lacked probable cause. The proceedings were subsequently terminated in Plaintiff's favor, in a manner indicative of innocence.

90. Statements made by the Individual Defendants to justify the charges against Plaintiff were made with the knowledge that those statements were false. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

91. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.


**Count Six: Failure to Intervene (First Amendment)**
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

92. Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

93. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of Section 1983 because they are commissioned by the City of New York to exercise police powers.

94. The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

95. During the events set forth in this Complaint and to the extent they did not participate in the retaliatory arrest of Plaintiff, the Individual Defendants stood by during the false, retaliatory arrest and deprivation of Plaintiff's constitutional and state law rights and did not intervene to prevent those violations despite having the opportunity and duty to do so.

96. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

97. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## Count Seven: Failure to Intervene (Fourth Amendment)
*42 U.S.C. § 1983*
*Against the City and NYPD as respondeat superior, and the Individual Defendants*

98. Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

99. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of Section 1983 because they are commissioned by the City of New York to exercise police powers.

100.    The Defendant CITY OF NEW YORK is responsible for the actions of its agents, officers and employs.

101.    During the events set forth in this Complaint and to the extent they did not participate in the false arrest of Plaintiff, the Individual Defendants stood by during the

false arrest and deprivation of Plaintiff's constitutional and state law rights and did not intervene to prevent those violations despite having the opportunity and duty to do so.

102.     The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

103.     Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### Count Eight: False Arrest Under State Law
*Against the City as respondeat superior, and the Individual Defendants*

104.     Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

105.     The Individual Defendants acted intentionally, with malice and knowing disregard for Plaintiff's rights under New York state law, in falsely detaining, arresting, and imprisoning her against her will. The plaintiff was conscious of, and at no point consented to, the confinement by the Individual Defendants.

106.     The actions of the Individual Defendants in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff's rights under New York state law.

107.     In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their

employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

108.     Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## Count Nine: Abuse of Process Under State Law
*Against the City as respondeat superior, and the Individual Defendants*

109.     Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

110.     The Individual Defendants, without proper excuse or justification, improperly utilized regularly issued judicial process to retaliate against Plaintiff. In so doing, the Defendants intended to inflict harm on Plaintiff's person and to use process to obtain a collateral objective.

111.     In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

112.     Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## Count Ten: Malicious Prosecution Under State Law
*Against the City as respondeat superior, and the Individual Defendants*

113.    Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

114.    The Individual Defendants pressed charges against Plaintiff, while knowing the charges were baseless and lacked probable cause. The proceedings were subsequently terminated in Plaintiff's favor, in a manner indicative of innocence.

115.    Statements made by the Individual Defendants to justify the charges against Plaintiff were made with the knowledge that those statements were false. Defendants acted intentionally with malice and knowing disregard for Plaintiff's rights.

116.    In committing the acts alleged herein, each of the Individual Defendants were members of, and agents of, the NYPD, acting at all relevant times within the scope of their employment.

117.    The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## Count Eleven: Intentional Infliction of Emotional Distress Under State Law
*Against the City as respondeat superior, and the Individual Defendants*

118.    Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

119.     The conduct of the Individual Defendants as described above was extreme and outrageous and constituted an abuse of their authority. The Individual Defendants intended to cause, or recklessly disregarded the risk that their conduct would cause, severe emotional distress to Plaintiff.

120.     As a consequence of the Individual Defendants' conduct, Plaintiff has suffered ongoing and severe emotional distress, affecting her income and her well-being as described herein.

121.     In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

122.     Defendants' actions were the direct and proximate cause of Plaintiff's continued emotional distress. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### Count Twelve: Negligent Infliction of Emotional Distress Under State Law
*Against the City as respondeat superior, and the Individual Defendants*

123.     Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

124.     In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

125.    The Individual Defendants owed Plaintiff a duty of care, which was breached in the course of the conduct described herein. The conduct of the Individual Defendants as described above was extreme and outrageous, resulting in a hospital stay as Plaintiff's blood pressure hit dangerously low levels as a direct result of the Individual Defendants' conduct.

126.    As a consequence of the Individual Defendants' breach of duty, Plaintiff has suffered ongoing and severe emotional distress, affecting her familial relationships, income, and her well-being as described herein.

127.    Defendants' actions were the direct and proximate cause of Plaintiff's continued emotional distress. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### **Count Thirteen: Trespass Under State Law**
*Against the City as respondeat superior, and the Individual Defendants*

128.    Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

129.    The Individual Defendants, without consent from Plaintiff, intruded into her home without a warrant, probably cause, or other legal justification. Lacking a proper purpose, the Individual Defendants' entry into Plaintiff's home was not in the course of performing an official function.

130.    In committing the acts alleged herein, each of the Individual Defendants were members and agents of the NYPD, acting at all relevant times within the scope of their employment. The Defendant City of New York is accordingly liable as principal for all torts in violation of state law committed by its agents.

131.    Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

**Count Fourteen: Violation of Right to Be Free of Illegal Search and Seizure**
**(New York City & NYPD)**
*N.Y.C. Administrative Code § 8-802*
*Against the City as respondeat superior, and the Individual Defendants*

132.    Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

133.    In committing the acts alleged herein, each of the Individual Defendants were employees of the NYPD, acting at all relevant times within the scope of their employment.

134.    Without a warrant, probable cause, or legal justification, the Individual Defendants engaged in an unlawful search of Plaintiff's home, including by entering the bedrooms and looking through personal belongings in closets. At no point did Plaintiff consent to the search.

135.    To the extent the Individual Defendants were not directly involved in the unlawful search of Plaintiff's home, the Individual Defendants failed to intervene in the unlawful search.

136.    The Individual Defendants' conduct violated Plaintiff's rights under New York City law.

137.    Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages

including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to relief.

## Count Fifteen: Violation of Right to Be Free from False Arrest (New York City)
*N.Y.C. Administrative Code § 8-802*
*Against the City as respondeat superior, and the Individual Defendants*

138.     Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

139.     In committing the acts alleged herein, each of the Individual Defendants were employees of the NYPD, acting at all relevant times within the scope of their employment. Without a warrant, probable cause, or legal justification, the Individual Defendants falsely detained, arrested, and imprisoned Plaintiff against her will. Plaintiff was conscious of, and at no point consented to, the confinement by the Individual Defendants.

140.     To the extent the Individual Defendants were not directly involved in the false arrest of Plaintiff, the Individual Defendants failed to intervene in the arrest. 220. The Individual Defendants' conduct violated Plaintiff's rights under New York City law.

141.     Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to relief.

## Demand for Jury Trial

142.     Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 38, the Plaintiff hereby demands a jury trial on all claims for relief for which trial by jury is allowed or required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests that the Court:

I.      Issue a judgment declaring that the conduct of the City of New York, through the
        NYPD and as described in this Complaint, constitute violations of Plaintiff's rights
        under the U.S. Constitution, federal law, the New York State Constitution, New
        York state law, and the New York City Administrative Code.

II.     Order injunctive relief to which Plaintiff is entitled;

III.    Award Plaintiff compensatory damages in an amount to be determined by a jury;

IV.     Award Plaintiff punitive damages arising from Defendants' actions;

V.      Order reasonable attorneys' fees and costs to be paid by Defendants pursuant to 28
        U.S.C. § 2414 and 42 U.S.C. § 1988; and,

VI.     Grant such other and further relief as the Court deems just and equitable.

Dated:      New York, New York
            December 15, 2025


                                                Yours, etc.,

                                                *Glenn R. Meyers*

                                                Glenn R. Meyers, Esq.
                                                The Meyers Law Firm
                                                11 Park Place, Suite 1503
                                                New York, New York 10007
                                                (212) 252-1212
                                                themeyerslawfirm@gmail.com